## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COOKEVILLE DIVISION

| | |
|---|---|
| MARTHA ANN WRIGHT,    ) | |
|    ) | |
| Plaintiff,    ) | No. |
|    ) | |
| VS.    ) | Judge |
|    ) | Magistrate Judge |
| UPPER CUMBERLAND ELECTRIC    ) | |
| MEMBERSHIP CORPORATION,    ) | JURY DEMAND |
| JAMES D. GREGORY and    ) | |
| TAMMIE KEY,    ) | |
|    ) | |
| Defendants.    ) | |

## COMPLAINT

For her Complaint against defendants Upper Cumberland Electric Membership Corporation ("Upper Cumberland"), James D. Gregory ("Gregory") and Tammie Key ("Key"), plaintiff states:

## IDENTIFICATION OF THE PARTIES

1.     Plaintiff is a resident of Carthage, Smith County, Tennessee, and an employee of defendant UpperCumberland. Plaintiff is African-American.

2.     Defendant Upper Cumberland is a Tennessee corporation with its principal place of business in Carthage, Smith County, Tennessee. Defendant Upper Cumberland may be served with process through its registered agent, James D. Gregory, 138 Gordonsville Highway, Carthage, Tennessee 37030. At all times material hereto, defendant Upper Cumberland employed more than 15 employees.

3.     Defendant Gregory is a resident of Carthage, Tennessee and a management employee of defendant Upper Cumberland. Defendant Gregory may be

served with process at Upper Cumberland, 138 Gordonsville Highway, Carthage, Tennessee 37030.

4. Defendant Key is a resident of Carthage, Tennessee and a management employee of defendant Upper Cumberland. Defendant Key may be served with process at Upper Cumberland, 138 Gordonsville Highway, Carthage, Tennessee 37030.

## JURISDICTION AND VENUE

5. This is an action for damages and equitable relief for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA") and Tennessee common law. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission and has received Notice of Right to Sue ("Notice") from the EEOC. A copy of the Notice is attached to this Complaint.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because the acts giving rise to this Complaint occurred in an area embraced within the Cookeville Division of the Middle District of Tennessee.

## FACTUAL AVERMENTS

8. On April 10, 1992, Plaintiff became employed with defendant Upper Cumberland as an Accounting Clerk.

9.     In April 2006, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of racial discrimination she was experiencing in her work at Upper Cumberland.

10.     The EEOC investigated plaintiff's Charge and issued a Determination finding cause to believe that Upper Cumberland had discriminated against plaintiff because of her race.

11.     On May 29, 2007, plaintiff filed a lawsuit against Upper Cumberland complaining about race discrimination at Upper Cumberland.

12.     In July 2009, plaintiff compromised and settled her lawsuit against Upper Cumberland.

13.     Since the time plaintiff settled her race discrimination claims against Upper Cumberland, plaintiff has experienced retaliation and continued race discrimination by Upper Cumberland and her supervisors Gregory and Key.

14.     Defendants have allowed and failed to remedy a racially hostile work environment that altered plaintiff's working conditions. Plaintiff's coworkers have made inappropriate racial comments at work and her coworkers and Upper Cumberland's managers, including Gregory and Key, have treated plaintiff differently than her Caucasian coworkers.

15.     On Friday, January 7, 2011, after a Caucasian coworker acted inappropriately toward plaintiff and yelled at her, plaintiff was ordered to a meeting with Key, Gregory, the coworker who yelled at her and others. Plaintiff told Gregory that she just wanted to be treated like Upper Cumberland's Caucasian employees who are not yelled at by their coworkers.

16. On Tuesday, January 11, 2011, plaintiff again was ordered to a meeting where Gregory, Key and Upper Cumberland suspended plaintiff for five days without pay for the false reason that plaintiff was "rude" and "insubordinate." Defendants took no disciplinary action against the Caucasian employee who acted inappropriately and yelled at plaintiff and defendants have treated Caucasian employees more favorably than plaintiff.

17. On October 6, 2011, defendants issued plaintiff a counseling reprimand for the false reason of "studying on company time" and defendant Gregory thereafter told plaintiff that if he had anymore problems with her he was going to terminate her employment.

18. Even though plaintiff did not "study on company time," her Caucasian coworkers are permitted to read, chat and do other personal activities "on company time" and they have not been reprimanded and defendant Gregory has not told them that he would fire them if he had anymore problems with them.

19. During plaintiff's employment, defendants discriminated against plaintiff because of her race with respect to the terms, conditions and privileges of employment. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

20. Defendants retaliated against plaintiff because of her opposition to defendants' racially offensive, inappropriate and unlawful actions. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

21.     Defendants discriminated against plaintiff on the basis of her race because of her opposition to defendants' racially offensive, inappropriate and unlawful actions. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

22.     Defendants Gregory and Key retaliated and discriminated against plaintiff because plaintiff opposed defendants' discriminatory practices.

23.     Defendants Gregory and Key aided, abetted, incited, compelled and/or commanded persons, including those employed by them and Upper Cumberland, to engage in discriminatory practices.

24.     As a direct result of defendants' actions, plaintiff has suffered damages.

25.     As a result of their actions, defendants are liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred.

26.     As a result of their actions, defendants are liable for punitive damages and for plaintiff's attorney's fees.

27.     As a result of their actions, defendants are obligated to make plaintiff whole for all lost earnings and benefits.

## Claim for Race Discrimination, Racially Hostile Work Environment, and Retaliation in Violation of Federal and Tennessee Law

28.     Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 27 herein.

29.     Defendants discriminated against plaintiff in the terms, conditions and privileges of her employment because of her race and/or in retaliation for her

opposition to and/or refusal to participate in defendant's racially offensive, inappropriate and unlawful actions in violation of Title VII, Section 1981 and the THRA.

30.  Defendants allowed and failed to remedy a racially hostile work environment that altered plaintiff's working conditions in violation of Title VII, Section 1981 and the THRA.

31.  Defendants retaliated against plaintiff because of her opposition to defendants' racially offensive, inappropriate and unlawful actions in violation of Title VII, Section 1981, the THRA, and Tennessee common law.

32.  As a result of their actions, defendants are liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

33.  As a result of their actions, defendants are liable for plaintiff's attorney's fees.

34.  As a result of their actions, defendants are obligated to make plaintiff whole for all lost earnings and benefits.

### Claim for Violation of Tenn. Code Ann. § 4-21-301
### (Against Defendants Gregory and Key)

35.  Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 34 herein.

36.  Defendants Gregory and Key retaliated and discriminated against plaintiff and aided, incited and abetted such conduct because plaintiff opposed and/or refused to participate in defendants' discriminatory practices.

37.     Defendants Gregory and Key aided, abetted, incited, compelled and/or commanded persons, including those employed or managed by them and Upper Cumberland, to engage in discriminatory practices.

38.     As a direct result of defendants Gregory's and Key's actions, plaintiff has suffered damages.

39.     As a result of their actions, defendants Gregory and Key are liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred.

40.     As a result of their actions, defendants Gregory and Key are liable for punitive damages and for plaintiff's attorneys' fees.

41.     As a result of their actions, defendants Gregory and Key are obligated to make plaintiff whole for all lost earnings and benefits.

## Claim for Outrage Under Tennessee Common Law

42.     Plaintiff hereby incorporates and realleges the factual averments as set for in paragraphs 1 through 41 herein.

43.     Defendants have engaged in conduct directed to plaintiff that is so outrageous in character and so extreme in degree, as to be beyond the pale of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

44.     Defendants' actions have caused plaintiff to suffer severe emotional distress and mental injury.

45.     As a result of defendants' outrageous actions, defendants are liable to plaintiff in an amount to be determined by the jury for the mental injury and emotional distress they have caused.

46. As a result of defendants' outrageous actions, defendants are liable to plaintiff for punitive damages in an amount to be determined by the jury.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. A jury trial and entry of judgment in her favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Punitive damages;

5. Attorney's fees and expenses;

6. Prejudgment interest and, if applicable, post judgment interest; and

7. Such other and further legal or equitable relief to which she may be entitled.

Respectfully submitted,

Stephen W. Grace, ( TN BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorney for Plaintiff